# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SUPERWOOD CO. LTD., <br><br> Plaintiff, <br><br> v. <br><br> SLAM BRANDS, INC., et al., <br><br> Defendants. | CASE NO. C12-1109JLR <br><br> ORDER GRANTING IN PART MOTION TO DETERMINE PREJUDGMENT INTEREST |

Before the court is Plaintiff Superwood, Co. Ltd.'s ("Superwood") motion for determination of prejudgment interest (Mot. (Dkt. # 122)) and Defendants Slam Brands, Inc. and Jason Lemelson's ("Slam Brands") opposition thereto (Resp. (Dkt. # 127)). The court previously held a bench trial in this matter and, a month and a half later, issued findings of facts and conclusions of law. (FOFCOL (Dkt. # 120).) In its findings, the court concluded that Slam Brands owes Superwood $2,654,388.00, whereas Superwood owes Slam Brands $531,569.50 in counterclaim damages and is entitled to $552,569.50 in contractual offsets. (*Id.* at 40-41 ("Summary of Amounts owed").) The court also

ORDER- 1

stated that "the net amount Slam Brands owes to Superwood is $1,570,249.46" and that Superwood is entitled to prejudgment interest "on this amount." (*Id.* at 41.) The court instructed Superwood to file a separate motion to determine the amount of prejudgment interest due. (*Id.*) This is that motion.

The parties disagree in several respects about how to calculate prejudgment interest. First, Superwood calculates the amount of interest by applying a "compound" interest model, under which interest is recapitalized annually. (*See* Mot. at 2.) On the other hand, Slam Brands advocates for "simple" interest, which involves no recapitalization at all. (Resp. at 2-3.) Slam Brands has the better of this argument. Under Washington law,[1] "compound interest is never implied—it is permitted only by express language in a statute or an agreement." *See Caruso v. Local Union No. 690, Int'l Bhd. of Teamsters*, 749 P.2d 1304, 1305 (Wash. Ct. App. 1998); *Xebex, Inc. v. Nickum & Spaulding Assocs., Inc.*, 718 P.2d 851, 852-53 (Wash. Ct. App. 1986) ("The law does not favor compound interest."). Superwood has presented no express statutory or contractual language demonstrating that compound interest is available here, instead asserting only that "it is well within the discretion of this court" to award compound interest. (*See* Reply (Dkt. # 130) at 1-2.) Given the presumption in favor of simple interest and the lack of any compelling reason to ignore that presumption, the court concludes that simple, not compound, interest is appropriate.

---

[1] In a diversity action, state law determines whether a party is entitled to prejudgment interest. *Lagstein v. Certain Underwriters at Lloyd's of London*, 725 F.3d 1050, 1055 (9th Cir. 2013).

Next, the parties dispute how to account for the counterclaim and offset damages. Superwood argues for an approach that, in the literature and case law, is referred to as the "interest on the whole" rule, or "interest on the entire claim" method. *See Robblee v. Robblee*, 841 P.2d 1289, 1295-96 (Wash. Ct. App. 1992); *see also* Aric Jarrett, *Full Compensation, Not Overcompensation: Rethinking Prejudgment Interest Offsets in Washington*, 30 SEATTLE U. L. REV. 703, 704-05 (2007). Under this approach, prejudgment interest would be calculated separately for each claim, offset, and counterclaim, and the total value of the counterclaims and offsets (including any prejudgment interest) would then be subtracted from the value of Superwood's claim (including prejudgment interest). (Mot. at 2-4). On the other hand, Slam Brands argues that the court should apply the so-called "interest on the balance" rule. (Resp. at 3-5.) Under this rule, offsets and counterclaim damages are subtracted from the primary damages award and prejudgment interest is then calculated on the balance. *See Robblee*, 841 P.2d at 1296 n.5; Jarret, *Full Compensation*, 30 SEATTLE U. L. REV. at 704-05.

Again, Slam Brands has the better of this argument. On a logical level, a case can be made for either approach. However, under Washington law, the "interest on the balance" rule applies in the factual context of this case. *See Robblee*, 841 P.2d at 1296. Where (as here) both claims are liquidated and the offsets or counterclaims are akin to payments, the interest on the balance rule is the correct one. *See id.* ("We believe the 'interest on the balance' method is the more appropriate rule in this case.") The court previously concluded that both the counterclaim damages and the contractual offsets in this case represent liquidated claims because they could be determined "without recourse

1 to opinion or discretion." (FOFCOL at 41.) Further, both the offset and the counterclaim
2 damages are akin to payments because they are ascertainable amounts owed to Slam
3 Brands by Superwood that Slam Brands would have deducted from any contemporaneous
4 payments made to Superwood. *See Robblee*, 841 P.2d at 1296. Thus, the court applies
5 the "interest on the balance" rule in accordance with Washington law.[2] *See id.*

Applying this rule, the court concludes that Superwood is entitled to prejudgment interest in the amount of $526,854.42. The court has thoroughly examined the calculations detailed in the Declaration of Michele Stephen and has concluded that those calculations accord with the law described above and are not otherwise in error. (*See* Stephen Decl. (Dkt. # 128).) Accordingly, the court adopts those calculations as if set forth herein. The court GRANTS IN PART Superwood's motion to determine prejudgment interest (Dkt. # 122) and sets the amount of interest previously awarded at $526,854.42.

Dated this 13th day of January, 2014.

JAMES L. ROBART
United States District Judge

---

[2] The court applies the offsets and counterclaim damages to the oldest debts first in accordance with analogous principles of Washington law. *Cf. Oakes Logging, Inc. v. Green Crow, Inc.*, 832 P.2d 894, 895-96 (Wash. Ct. App. 1992) ("If neither party appropriates payment to any particular part of the debt . . . unless other equitable considerations override, the oldest accounts should be credited first.").